

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION ON REMAND

No. 04-24-00430-CR

The **STATE** of Texas,
Appellant

v.

Martin **YOUNG**,
Appellee

From the County Court at Law No. 2, Guadalupe County, Texas
Trial Court No. CCL-23-0923
Honorable Kirsten Legore, Judge Presiding

Opinion by:     Lori Massey Brissette, Justice

Sitting:     Irene Rios, Justice
            Lori Massey Brissette, Justice
            Velia J. Meza, Justice

Delivered and Filed: July 15, 2026

AFFIRMED

On June 18, 2025, this court issued an opinion and judgment in this appeal.[1] *See State v. Young*, No. 04-24-00430-CR, 2025 WL 1703778, at *1 (Tex. App.—San Antonio June 18, 2025) (mem. op., not designated for publication). In our opinion, we affirmed the trial court's June 14,

---

[1] The factual background of this case is set forth in our previous opinion, as well as in the Court of Criminal Appeals's June 27, 2025 opinion, and not restated here. *See State v. Young*, No. PD-0526-25, 2026 WL 1374060, at *1 (Tex. Crim. App. May 14, 2026); *State v. Young*, No. 04-24-00430-CR, 2025 WL 1703778, at *1 (Tex. App.—San Antonio June 18, 2025), *rev'd and remanded*, No. PD-0526-25, 2026 WL 1374060 (Tex. Crim. App. May 14, 2026).

2024 order granting Young's motion to suppress because the State failed to challenge the trial court's ruling regarding the community caretaking function. *See id.* at *7. On May 14, 2026, the Court of Criminal Appeals reversed our decision and remanded the case to us to address the State's consensual-encounter argument. *See State v. Young*, No. PD-0526-25, 2026 WL 1374060, at *1 (Tex. Crim. App. May 14, 2026). We now address that argument.

## CONSENSUAL ENCOUNTER

The State contends Officer Andrew Cavazos's encounter with Martin Young was consensual, and Young was not detained until "sometime after" Officer Cavazos smelled the odor of alcohol on Young. It further argues the encounter was consensual because, among other things, the officer made no show of authority—the officer did not (1) activate his overhead lights, (2) order Young to do anything, or (3) approach with his gun drawn.

A police-citizen interaction is consensual "only if the citizen is free to leave and terminate the interaction at any time." *Monjaras v. State*, 664 S.W.3d 921, 927 (Tex. Crim. App. 2022). Although there is no bright line rule, a consensual encounter transforms into a detention "if an officer, through a showing of force or authority, restrains a citizen to the point that an objectively reasonable person would not feel free to decline the officer's requests or terminate the encounter." *Id.* To determine when a consensual encounter transforms into a detention, we must look at the totality of the circumstances and "determine whether a reasonable person would have felt free to ignore the officer's request or to terminate the consensual encounter." *Id.* (quoting *Furr v. State*, 499 S.W.3d 872, 877 (Tex. Crim. App. 2016)) (internal quotation marks omitted). In our evaluation of the totality of the circumstances, we consider the "time, place, and surrounding circumstances," but "the officer's conduct is the most important" consideration. *Id.* (quoting *State v. Castleberry*, 332 S.W.3d 460, 467 (Tex. Crim. App. 2011)) (internal quotation marks omitted).

Viewing the totality of the circumstances, the interaction here amounted to an investigative detention, not a consensual encounter. Thus, the trial court's ruling was correct. *See Monjaras*, 664 S.W.3d at 926; *Furr v. State*, 499 S.W.3d 872, 877 (Tex. Crim. App. 2016); *Madden v. State*, 242 S.W.3d 504, 517 (Tex. Crim. App. 2007); *Castleberry*, 332 S.W.3d at 467.[2] Officer Andrew Cavazos responded to an anonymous 911 caller's welfare concern and located a vehicle of similar description. He observed Young sitting in the driver's seat and parked in a restaurant parking lot. Officer Cavazos then parked his patrol vehicle behind Young's vehicle, blocking Young's egress. He approached Young, wearing his uniform, badge, and firearm. Upon arriving at Young's vehicle, Officer Cavazos stood with his hand on his holstered firearm, in between the open driver's side door and the driver seat where Young sat, no more than a few feet from Young's person, and, at least initially, blocking Young's exit from the vehicle. Officer Cavazos asked Young if he was okay. When Young said yes, Officer Cavazos immediately ordered him to exit the blocked vehicle and began a DWI investigation. Officer Cavazos testified that he did not observe any signs of intoxication before ordering Young to exit his vehicle.

The State is correct that at no point did Officer Cavazos remove his weapon from his holster or physically touch Young. *See Monjaras*, 664 S.W.3d at 927. Nor did the officer use any language or tone with Young indicating compliance with his request might be compelled. *See id.* But under a totality of the circumstances, it is hard to conclude Young or any reasonable person would have felt free to drive or walk away from their encounter with Officer Cavazos. *See, e.g.*, *Johnson v. State*, 414 S.W.3d 184, 193 (Tex. Crim. App. 2013) (concluding under totality of circumstances, appellant was detained when officer, among other things, "partially block[ed]" appellant's car such

---

[2] Our analysis is consistent with Presiding Judge David J. Schenck's opinion in *Young* concurred in the Court's holding but dissenting as to the Court's disposition, believing the Court should address the merits and affirm the trial court's ruling. *See Young*, 2026 WL 1374060, at *16 (Schenck, J., concurring in part and dissenting in part).

that appellant would have had to "maneuver" his car from its parking place if he wished to terminate the interaction—implicating Fourth Amendment protections); *State v. Garcia-Cantu*, 253 S.W.3d 236, 249 (Tex. Crim. App. 2008) (concluding trial court did not err in concluding reasonable person in appellee's position would not have felt free to leave or terminate encounter with officer where officer, among other things, blocked appellee's exit with his patrol car, turned on his spotlight, approached appellee's truck with long flashlight on driver's side, and stood toe-to-toe with appellee).

Accordingly, the State's sole point of error is overruled.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's final judgment.

Lori Massey Brissette, Justice

DO NOT PUBLISH